**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOEL AARON SILBERMANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  RWT-15-2309 |
| | * | |
| TOM LILSACK, USDA DIRECTOR, | * | |
| MUHTUR KENT, CEO COCO COLA, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

Joel Aaron Silbermann, a self-represented plaintiff, filed this Complaint on August 6, 2015, accompanied by a Motion to Proceed in Forma Pauperis.  He will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments.

Silbermann states the facts of the case are as follows:

> The Department of Agriculture is putting bleach in Coca Cola beverages whereas Director provide proof that you have not tampered with purchased food or [d]rink Also as Director prove you are not adding bleach to the American food supply. Also I seek injunction preventing further additives in additional products.  Bear your own expence. [sic].   You are also putting socloric [sic] inside your products.

Complaint, ECF No. 1, at 2.  As relief, Silbermann requests all profits and the destruction and removal of "your product."[1]  Silbermann does not specify suffering any injury.

Silbermann's complaint has been accepted for filing under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).  In

---

[1]  Silbermann has filed eight self-represented civil actions in this District since August 6, 2015.

this context, the Court has an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a self-represented complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief ... shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8(a).

It is well-settled law that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).  Silbermann's Complaint does not meet this standard.  Plaintiff's allegations are fantastic and wholly unsupported by fact.  They fail to suggest a jurisdictional basis for this Court to consider the Complaint or to set forth a cognizable federal claim.

Accordingly, the Court will dismiss this case pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. A separate Order follows.

October 6, 2015                                           /s/
Date                                                        ROGER W. TITUS
                                                      UNITED STATES DISTRICT JUDGE